**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NAKIA SIMMONS, MICHELLE SMITHERMAN, and MARLYE GOROSTIZA** individually and on behalf of others similarly situated, | **Case No.** 7:21-cv-00243 |
| **Plaintiffs,** | |
| **v.** | **Jury Trial Demanded** |
| **THE STANDARD LIFE INSURANCE COMPANY OF NEW YORK,** | |
| **Defendant.** | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Nakia Simmons, Michelle Smitherman, and Marlye Gorostiza ("Plaintiffs") file this Class and Collective Action Complaint ("Complaint") against The Standard Life Insurance Company of New York ("Defendant") and in support state the following:

**THE PARTIES**

1.       Plaintiffs identified in the caption of the instant Complaint have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint in the attached Appendix. These written consent forms set forth each plaintiff's name and address. Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against the Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of plaintiffs' rights to overtime compensation under the FLSA. 29 U.S.C. §§ 201, *et seq.*

2.       Plaintiffs also bring class action claims under New York state law under the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et*

*seq.*, the New York Wage Theft Prevention Act, Labor Law § 195 *et seq.*, and the supporting

Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL").

3.      Plaintiffs bring their state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4)

for Defendant's failure to pay them and other Claims Examination Employees for all earned overtime

pay.

4.      Defendant is a wholly owned and operating subsidiary of StanCorp Financial Inc.

5.      Defendant is a Delaware Corporation.

6.      Defendant has its principal place of business in New York, located at 360 Hamilton

Avenue Suite 210, White Plains, NY 10601.

7.      Defendant is a corporation acting as a claims administrator that administers and

processes disability benefit claims on behalf of its customers.[1]

8.      As a disability benefits claims administrator,[2] Defendant's functions include processing

disability and leave of absence claims within contractual timeframes.

### JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs'

FLSA claims arise under federal law. 29 U.S.C. § 216(b).

10.      The Court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367 because they arise out of the same facts as the FLSA claims.

---

[1] *Vellano v. Standard Life Ins. Co. of New York*, 1:18-CV-944, 2020 WL 4464605, at *1 (N.D.N.Y. Aug. 4, 2020) (lawsuit alleging Defendant failed to correctly calculate short term and long-term disability benefits that claimant should have received under short term and long term disability plans).
[2] www.standard.com/employer/products-services/insurance-benefits/absence-management-services (last viewed January 7, 2021).

11.     Venue is proper in this District under 28 U.S.C. §1391 because Defendant Standard Insurance Company of New York resides in this District and a substantial portion of the events forming the basis of this suit occurred in this District.

## FACTS

12.     Defendant employed Plaintiffs listed in the Appendix, and all similarly situated current and former employees, as non-managerial employees to process disability benefits claims within contractual time frames under various job titles that include the term "Disability" and one or more of the following terms: "Analyst," or "Examiner," or "Specialist (collectively, "Claims Examination Employees").

13.     Within the last six years and continuing to date, while employed as Claims Examination Employees, the primary job duty of plaintiffs Simmons, Smitherman and Gorostiza (the "representative plaintiffs"), and all similarly situated current and former Claims Examination Employees consisted of reviewing employee disability and/or leave claims against predetermined guidelines to determine benefit eligibility within contractual time frames ("Claims Review Work"). Claims Examination Employees do this by evaluating disability claims against the client company's disability insurance policy and industry-standard medical guidelines for medical leaves of absence. Claims Examination Employees also interview claimants and consult with on-staff nurses and doctors for medical opinions. Once Claims Examination Employees are able to determine whether a claim should be granted or denied based on the policies and guidelines, they draft explanation letters based on established letter templates and the company client's disability insurance policies.

14.     While working for Defendant as Claims Examination Employees, plaintiffs and similarly situated current and former Claims Examination Employees routinely work over 40 hours per week without receiving proper overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek even though such work is observed

by, known, or should have been known by supervisors and management. Specifically, Claims Examination Employees regularly worked approximately 50 to 73 hours per week, but Defendant failed to compensate them for all work performed above 40 hours in a workweek at a rate of one and one-half times the regular rate of pay.

15.     Defendant paid some or all of its Claims Examination Employees on a salary basis.

16.     Plaintiffs bring this action for a declaratory judgment, back pay, and other relief pursuant to the FLSA and NYLL to remedy the Defendant's willful and unlawful violations of federal and state law as described in this Complaint.

17.     Plaintiffs bring this action on behalf of themselves and other similarly situated Claims Examination Employees, who, due to Defendant's uniform refusal to compensate overtime at one and one-half times the regular rate of pay, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and NYLL.

18.     Defendant has failed and refused to compensate Claims Examination Employees for all overtime work that Defendant has suffered or permitted them to work.

19.     Plaintiffs regularly perform the job duties described in Paragraph 13 in excess of 40 hours per workweek, without compensation. Defendant is aware that this time is being worked because, among other things, the Defendant tracks plaintiffs' worktime, their supervisors and managers observe the work being performed in excess of 40 hours per workweek, their supervisors and managers direct the work to be performed in excess of 40 hours per workweek, and the nature of the Claims Examination Employees' work requires them to work more than 40 hours in a workweek.

20.     On a weekly basis, Plaintiff Claims Examination Employees were assigned Claims Review Work that cannot be completed within 40 hours and have been told by supervisors that they work "a 60-hour job, not a 40-hour job."

21.     Plaintiff Claims Examination Employees were berated by supervisors and management, faced discipline and suffered cuts to their annual bonuses when they were unable to complete claims by established deadlines.

22.     Claims Examination Employees have been told by management that they are entitled to one- and one-half their regular rate of pay for work performed in excess of 40 hours per workweek, but that they are not permitted to work overtime without pre-authorization. Pre-authorization for overtime work is rarely granted, and supervisors and management regularly suffer or permit such work without pre-authorization and without paying for such work.

*Plaintiff Nakia Simmons*

23.     Plaintiff Simmons worked for Defendant as a Claims Examination Employee in White Plains, New York from February 16, 2016 to December 18, 2018.

24.     During her employment with Defendant, Plaintiff Simmons primarily performed Claims Review Work described in Paragraph 13 for between approximately 60 to 65 hours per week, without compensation.

25.     Plaintiff Simmons regularly informed her supervisors and management that she worked in excess of 40 hours per workweek on a regular basis, and oftentimes, worked alongside her direct supervisor for 12 to 13 hours each business day.  Additionally, she worked another 12 to 13 hours during a weekend approximately once per month. Defendant has knowledge of this work through time-stamped electronic communications and verbal communications with her supervisors and management.

26.     For example, during the workweek beginning January 8, 2018, Plaintiff Simmons worked approximately 60 hours and was not compensated for the hours over 40 at one and one-half times her regular rate of pay, although the work was observed by or known to supervisors.

27.     During her employment with Defendant, Plaintiff Simmons' job duties did not include regularly directing the work of two or more employees.

28.     During her employment with Defendant, Plaintiff Simmons did not have the authority to hire, fire, suspend, or otherwise discipline any of Defendant's other employees.

29.     During her employment with Defendant, Plaintiff Simmons' primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

30.     During her employment with Defendant, Plaintiff Simmons' job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

31.     During her employment with Defendant, Plaintiff Simmons could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

32.     During her employment with Defendant, Plaintiff Simmons' job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

33.     During her employment with Defendant, Plaintiff Simmons' job duties did not involve formulating, interpreting, or implementing management policies for Defendant or Defendant's customers.

34.     During her employment with Defendant, Defendant required Plaintiff Simmons to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

35.      During her employment with Defendant, Plaintiff Simmons' job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

36.     During her employment with Defendant, Plaintiff Simmons' job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

37.     During her employment with Defendant, Plaintiff Simmons' job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

### *Plaintiff Michelle Smitherman*

38.     Plaintiff Smitherman worked for Defendant as a Claims Examination Employee in White Plains, New York from approximately December 2016 to September 28, 2018.

39.     During her employment with Defendant, Plaintiff Smitherman primarily performed Claims Review Work described in Paragraph 13 for between approximately 55 to 73 hours per workweek, without compensation.

40.     Plaintiff Smitherman regularly informed her supervisors and management that she worked in excess of 40 hours per workweek on a regular basis, and oftentimes, worked alongside her direct supervisor for 11 to 13 hours each business day.  Additionally, she worked approximately 8 hours during the weekend each week. Defendant has knowledge of this work through time-stamped electronic communications and verbal communications with her supervisors and management.

41.     For example, during the workweek beginning August 6, 2018, Plaintiff Smitherman worked approximately 55 hours and was not compensated for the hours over 40 at one and one-half times her regular rate of pay, although the work was observed by or known to supervisors.

42.     During her employment with Defendant, Plaintiff Smitherman's job duties did not include regularly directing the work of two or more employees.

43.     During her employment with Defendant, Plaintiff Smitherman did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

44.     During her employment with Defendant, Plaintiff Smitherman's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

45.     During her employment with Defendant, Plaintiff Smitherman's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

46.     During her employment with Defendant, Plaintiff Smitherman could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

47.     During her employment with Defendant, Plaintiff Smitherman's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

48.     During her employment with Defendant, Plaintiff Smitherman's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

49.     During her employment with Defendant, Defendant required Plaintiff Smitherman to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

50.      During her employment with Defendant, Plaintiff Smitherman's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

51.     During her employment with Defendant, Plaintiff Smitherman's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

52.     During her employment with Defendant, Plaintiff Smitherman's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

*Plaintiff Marlye Gorostiza*

53.     Plaintiff Gorostiza worked for Defendant as a Claims Examination Employee in White Plains, New York from approximately January 20, 2014 to January 17, 2020.

54.     During her employment with Defendant, Plaintiff Gorostiza primarily performed Claims Review Work described in Paragraph 13 for between approximately 60 to 73 hours per workweek, without compensation.

55.     Plaintiff Gorostiza regularly informed her supervisors and management that she worked in excess of 40 hours per workweek on a regular basis, and oftentimes, worked alongside her direct supervisor for 12 to 13 hours each business day.  Additionally, she worked approximately 4 to 8 hours during two weekends per month. Defendant has knowledge of this work through time-stamped electronic communications and verbal communications with her supervisors and management.

56.     For example, during the workweek beginning December 16, 2019, Plaintiff Gorostiza worked approximately 60 hours and was not compensated for the hours over 40 at one and one-half times her regular rate of pay, although the work was observed by or known to supervisors.

57.     During her employment with Defendant, Plaintiff Gorostiza's job duties did not include regularly directing the work of two or more employees.

58.     During her employment with Defendant, Plaintiff Gorostiza did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

59.     During her employment with Defendant, Plaintiff Gorostiza's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

9

60.     During her employment with Defendant, Plaintiff Gorostiza's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

61.     During her employment with Defendant, Plaintiff Gorostiza could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

62.     During her employment with Defendant, Plaintiff Gorostiza's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

63.     During her employment with Defendant, Plaintiff Gorostiza's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

64.     During her employment with Defendant, Defendant required Plaintiff Gorostiza to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

65.     During her employment with Defendant, Plaintiff Gorostiza's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

66.     During her employment with Defendant, Plaintiff Gorostiza's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

67.     During her employment with Defendant, Plaintiff Gorostiza's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

## COVERAGE UNDER THE FLSA

68.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

69.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

70.     Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

71.     During their employment, Plaintiffs were "employees" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

72.     During their employment, Defendant was Plaintiffs' "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

73.     During their employment, Plaintiffs were "employees" of Defendant as defined by the NYLL §§ 190(2), 651(5) and 12 N.Y.C.R.R. 142-2.14(a).

74.     During their employment, Defendant was Plaintiffs' "employer" as defined by the NYLL, §§ 190(3), 651(6).

## COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiffs bring their FLSA claims as a collective action.

76.     Plaintiffs' consent forms are attached hereto as Exhibit A.

77.     The collective is defined as follows:

**All individuals employed by Defendant as Claims Examination Employees over the last three years who worked in excess of 40 hours per workweek without compensation at one and one-half times the regular rate of pay for hours worked over 40 in a workweek ("Collective Action Members"). However, this definition specifically excludes all Claims Examination Employees who were employed under job titles containing the term "Senior."[3]**

---

[3] Plaintiffs will refer to this group of employees excluded from the collective as "Senior Claims Examination Employees" for purposes of this Complaint.

78.     Plaintiffs are similarly situated to the Collective Action Members because they were subject to the same timekeeping and compensation policies and procedures, paid in the same manner and performed the same primary job duties.

79.     In the last three years, Defendant has employed at least 40 individuals who performed the same primary duties as Plaintiffs.

80.     Defendant was the Collective Action Members' "employer" as defined by the FLSA 29 U.S.C. § 203(d).

81.     Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant failed to compensate them for work performed in excess of 40 hours in a work week at one and one-half times their regular rate of pay.

82.     Defendant maintained one or more common job descriptions for Claims Examination Employees.

83.     Defendant has the names and addresses for Collective Action Members in its payroll or personnel records.

84.     Defendant has email addresses for Collective Action Members in its payroll or personnel records.

85.     Defendant has cell phone numbers for Collective Action Members in its payroll or personnel records.

86.     Defendant was aware or should have been aware that the FLSA required it to pay Collective Action Members overtime if they primarily performed non-exempt work.

### CLASS ACTION ALLEGATIONS

87.     Plaintiffs also seek class certification of the following state law class under Fed. R. Civ. P. 23:

> **All individuals employed by Defendant in New York as Claims Examination Employees in the past six (6) years who worked in excess of 40 hours per**

**workweek without compensation at one and one-half times the regular rate of
pay for hours worked over 40 in a workweek (the "Class"). This definition,
however, specifically excludes all individuals who were employed as Senior
Claims Examination Employees.**

88.     Defendant employed more than 40 individuals as Claims Examination Employees in
New York in the last six years.

89.     As a result, the Class is so numerous that joinder of all members is not practical.

90.     There are questions of law or fact common to members of the Class, including (1)
whether the Class members performed work in excess of 40 hours per workweek; (2) whether
Defendant violated the NYLL Law by refusing to pay the Class members overtime pay at one and
one-half times the regular rate of pay; and (3) the proper measure of damages if Defendant did not
properly compensate the Class members pursuant to the overtime provisions of the NYLL.

91.     Plaintiffs' overtime claims are typical of those of the Class because they arise out of
Defendant's uniform compensation practices.

92.     Defendant's defenses to Plaintiffs' claims are typical of its defenses to those of the
Class because they are grounded in the same compensation practices.

93.     Plaintiffs can fairly and adequately protect the interests of the Class members because
they have no interests adverse to the Class.

94.     Plaintiffs can fairly and adequately protect the interests of the Class members because
they retained counsel experienced in class action employment litigation.

95.     The common questions of law and fact predominate over the variations which may
exist between members of the Class, if any.

96.     Plaintiffs and the members of the Class on the one hand, and Defendant on the other,
have a commonality of interest in the subject matter and remedy sought, namely back wages, interest,
statutory penalties, attorneys' fees and costs.

97.     If individual actions were required to be brought by each member of the Class injured

or affected by Defendant's common compensation practices, it would necessarily result in a

multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

98.     Accordingly, a class action is an appropriate method for the fair and efficient

adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

99.     The books and records of Defendant are material to the Class members' claims

because they disclose the hours worked by each member of the Class and the rates at which Class

members were paid.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

100.    Plaintiffs incorporate here the previous allegations of this Complaint.

101.    This count arises from Defendant's violations of the FLSA by failing to pay overtime

to Plaintiffs and the Collective Action Members at one and-one-half times their regular rates when

they worked over 40 hours in individual workweeks.

102.    Plaintiffs were not exempt from the overtime provisions of the FLSA.

103.    Collective Action Members were not exempt from the overtime provisions of the

FLSA.

104.    Plaintiffs were directed and/or suffered or permitted by Defendant to work, and did

work, over 40 hours in one or more individual workweeks without being paid overtime pay at one and

one-half times their regular rates of pay for hours in excess of 40 in those workweeks.

105.    Collective Action Members were directed and/or suffered or permitted by Defendant

to work, and did work, over 40 hours in one or more individual workweeks without being paid

overtime pay at one and one-half times their regular rates of pay for hours in excess of 40 in those

workweeks.

106.    Defendant paid Plaintiffs a salary and failed to pay them overtime compensation.

14

107.    Defendant paid Collective Action Members a salary and failed to pay them overtime compensation.

108.    Defendant violated the FLSA by failing to pay overtime to Plaintiffs at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

109.    Defendant violated the FLSA by failing to pay overtime to Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

110.    Defendant's failure to pay Plaintiffs and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful, as Defendant was aware or should have been aware that the FLSA required it to pay Plaintiffs and the Collective Action Members overtime pay.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendant as follows:

A.      All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B.      Liquidated damages equal to the unpaid overtime compensation due, or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

C.      Post-judgment interest;

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.      Such other relief as the Court deems appropriate.

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW – FAILURE TO PAY OVERTIME
### (CLASS ACTION)

111.    Plaintiffs incorporate here the previous allegations of this Complaint.

112.     This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiffs and the Class when they worked over 40 hours in individual workweeks.

113.     Plaintiffs were not exempt from the overtime provisions of the NYLL.

114.     Members of the Class are not exempt from the overtime provisions of the NYLL.

115.     Plaintiffs and the Class were regularly directed and/or suffered or permitted by Defendant to work, and did work, over 40 hours in individual workweeks without being paid one and one-half times their regular rates of pay for hours in excess of 40 in a workweek..

116.     Defendant violated the NYLL by failing to pay Plaintiffs and the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiffs, individually and the Class, seek a judgment against Defendant as follows:

A.     All unpaid overtime wages due to Plaintiffs and the New York Class;

B.     Liquidated damages equal to the unpaid overtime compensation due;

C.     Prejudgment and post-judgment interest;

D.     Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

E.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F.     Such other relief as the Court deems appropriate.

## COUNT III
### Violation of the New York Labor Law – Failure to Provide Wage Statements
### (Class Action)

117.     Plaintiffs incorporate here the previous allegations of this Complaint.

16

118.     Defendant failed to provide Plaintiffs and the Class with accurate statements of wages as required by New York Wage Theft Prevention Act, NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any; and net wages. NYLL § 195(3).

119.     Due to Defendant's violations of NYLL § 195, for each workweek that Defendant failed to provide a proper wage statement from January 8, 2015 through the present, Plaintiffs and members of the Class are each entitled to damages of $250 per workday that the violations occurred or continue to occur, or a total of $5,000 per Class Member, as well as injunctive and declaratory relief and reasonable attorneys' fees and costs, as provided by NYLL § 198(1-d),

**WHEREFORE,** Plaintiffs, individually and on behalf of the Class, seek the following relief:

A.     Statutory damages, as provided for by NYLL § 198, for Defendant's failure to provide accurate wage statements;

B.     Appropriate equitable, declaratory, and injunctive relief to remedy violations, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

C.     Pre-judgment and post-judgment interest;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.     Such other relief the Court deems appropriate.

### JURY DEMAND

Plaintiffs demand a trial by jury.

17

Respectfully submitted,

/s/ *Hillary D. LeBeau*

Molly A. Elkin\*
Hillary D. LeBeau
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC  20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
hdl@mselaborlaw.com

Travis M. Hedgpeth\*
Texas Bar No. 24074386
**The Hedgpeth Law Firm, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

Jack Siegel\*
Texas Bar No. 24070621
Stacy W. Thomsen\*
California Bar No. 274282
Massachusetts BBO No. 706746
**Siegel Law Group PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
stacy@siegellawgroup.biz
jack@siegellawgroup.biz

\**Application for admission pro hac vice
forthcoming*

**ATTORNEYS FOR PLAINTIFFS AND
OTHERS SIMILARLY SITUATED**