**MSE** McGillivary Steele Elkin LLP

MEMO ENDORSED

Molly A. Elkin
mae@mselaborlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/2021

Application is GRANTED. The Court waives the pre-motion conference requirement and grants parties leave to file a Joint Motion to Stay all Deadlines to Facilitate Settlement Negotiations on or before March 26, 2021. The Parties' deadline to submit a Case Management Plan is stayed pending resolution of this proposed motion. The Clerk of the Court is kindly directed to terminate the Motion at ECF No. 19.

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Dated: March 24, 2021
White Plains, NY

SO ORDERED:

*/s/ Nelson S. Román*
NELSON S. ROMÁN
United States District Judge

Re:   *Simmons, et al. v. The Standard Life Insurance Company of New York*;
      Case No. 7:21-cv-00243 (NSR); Pre-Motion Conference Letter

Dear Judge Román:

I represent the Plaintiffs and write on behalf of both parties pursuant to Your Honor's Individual Rules of Practice 3.A. and Local Civil Rule 37.2, to respectfully request leave to file a Joint Motion to Stay All Deadlines to Facilitate Settlement Negotiations.

In their Motion, Plaintiffs, Nakia Simmons et. al., ("Plaintiffs") and Defendant, The Standard Life Insurance Company of New York ("Defendant") (collectively, the "Parties"), will jointly move to stay the deadline for the parties' proposed Case Management Plan and Scheduling Order, currently due today, March 22, 2021, and all other pending deadlines, for a period of ninety (90) days, so that they may engage in the Southern District of New York's Mediation Program or other mediation to attempt to resolve the case. This is the parties' second request to suspend deadlines.

The parties have already begun negotiations, convening three meetings via Zoom and follow-up email correspondence regarding the framework and parameters of an early settlement, and have agreed, for settlement purposes only, to the scope of a putative FRCP Rule 23(e) settlement class.

To facilitate continued arms-length negotiations, during this stay, the Parties will engage in limited voluntary discovery – namely, Defendant will be permitted to depose one named Plaintiff chosen by Plaintiffs' counsel, and Plaintiffs' counsel may depose one of that Plaintiff's supervisors. These depositions are intended to be used to assist the parties in their efforts to better assess their settlement positions, offers, and counteroffers. These pre-mediation depositions will be limited to 4 hours each and will be conducted remotely via videoconference. Plaintiffs' counsel shall identify the named Plaintiff to be produced for deposition within one week of the Court's Order granting the motion. Defendant will identify that Plaintiff's immediate supervisor(s) during the statute of limitations period within two days after the named Plaintiff is identified for deposition. Within one week of that Plaintiff's supervisors being identified, Plaintiffs' counsel shall notify Defendant which, if any, of those supervisors they will depose. If Plaintiffs decide to take the deposition of a supervisor, the parties shall immediately meet and confer on the scope of

March 22, 2021
Page 2

a document production by Defendant related to that Plaintiff and the identified supervisor, and Defendant shall have 30 days after an agreement is reached to produce the documents. The Plaintiff who is to be deposed shall produce any documents in her possession relevant to her claims within ten days of being so identified. At least ten days prior to the selected Plaintiff's deposition, Defendant will provide Plaintiffs' counsel with all documents that Defendant may use in Plaintiff's deposition, including but not limited to, that Plaintiff's leave and earnings statements, personnel file, job description(s), employee handbook, and manuals related to the Plaintiff's work as a Short-Term Disability Claims Examination Employee. In addition, ten days before her deposition, Plaintiff deponent will provide Defendant's counsel with any non-privileged documents she has in her possession that are relevant to her claims in this case.

Regardless of whether either party exercises its right to take the depositions described above, the parties will enter mediation during the stay.

In addition to the above-described limited discovery, at least 45 days prior to mediation, Defendant will provide Plaintiffs' counsel with the pay data for those who are members of the putative settlement class. Plaintiffs' counsel will provide Defendant with damages calculations on all class claims set forth in the Complaint for the putative settlement class at least 10 days prior to the mediation.

The Parties' proposed stay will conserve the Parties' resources and serve judicial economy while they work towards a potential resolution of this matter. In the event that they are unable to reach a settlement of this *bona fide* dispute, within fourteen (14) days after the conclusion of the stay, or determination by the Parties that they are unable to settle the case at this time, whichever is earlier, the Parties will submit to the Court a proposed Case Management Plan and Scheduling Order using the worksheet at Docket Entry 11.

Thank you for your attention to this matter.

Sincerely,

McGILLIVARY STEELE ELKIN LLP

Molly A. Elkin

cc:   All Counsel of record (via ECF)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAKIA SIMMONS, MICHELLE SMITHERMAN, and MARLYE GOROSTIZA individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>THE STANDARD LIFE INSURANCE COMPANY OF NEW YORK,<br><br>      Defendant. | Case No. 7:21-cv-00243 (NSR)<br><br>Jury Trial Demanded |

**JOINT MOTION TO STAY ALL DEADLINES
TO FACILIATE SETTLEMENT NEGOATIATIONS**

Pursuant to Federal Rule of Civil Procedure 1, Your Honor's Individual Practices - Section 1.E., and the Court's equitable power to control its docket, Plaintiffs, Nakia Simmons et. al., ("Plaintiffs") and Defendant, The Standard Life Insurance Company of New York ("Defendant") (collectively, the "Parties"), jointly move to stay the deadline for the parties' proposed Case Management Plan and Scheduling Order, currently due March 22, 2021, and all other pending deadlines, for a period of ninety (90) days, so that they may engage in the Southern District of New York's Mediation Program or other mediation to attempt to resolve the case. This is the parties' second request to suspend deadlines.

The parties have already begun negotiations, convening three meetings via Zoom and follow-up email correspondence regarding the framework and parameters of an early settlement, and have agreed, for settlement purposes only, to the scope of a putative FRCP Rule 23(e) settlement class.

To facilitate continued arms-length negotiations, during this stay, the Parties will engage in limited voluntary discovery – namely, Defendant will be permitted to depose one named Plaintiff chosen by Plaintiffs' counsel, and Plaintiffs' counsel may depose one of that Plaintiff's

supervisors.  These depositions are intended to be used to assist the parties in their efforts to better assess their settlement positions, offers, and counteroffers.  These pre-mediation depositions will be limited to 4 hours each and will be conducted remotely via videoconference.  Plaintiffs' counsel shall identify the named Plaintiff to be produced for deposition within one week of the Court's Order granting this motion.  Defendant will identify that Plaintiff's immediate supervisor(s) during the statute of limitations period within two days after the named Plaintiff is identified for deposition.  Within one week of that Plaintiff's supervisors being identified, Plaintiffs' counsel shall notify Defendant which, if any, of those supervisors they will depose.  If Plaintiffs decide to take the deposition of a supervisor, the parties shall immediately meet and confer on the scope of a document production by Defendant related to that Plaintiff and the identified supervisor, and Defendant shall have 30 days after an agreement is reached to produce the documents.  The Plaintiff who is to be deposed shall produce any documents in her possession relevant to her claims within ten days of being so identified.  At least ten days prior to the selected Plaintiff's deposition, Defendant will provide Plaintiffs' counsel with all documents that Defendant may use in Plaintiff's deposition, including but not limited to, that Plaintiff's leave and earnings statements, personnel file, job description(s), employee handbook, and manuals related to the Plaintiff's work as a Short-Term Disability Claims Examination Employee.  In addition, ten days before her deposition, the Plaintiff deponent will provide Defendant's counsel with any non-privileged documents she has in her possession that are relevant to her claims in this case.

      Regardless of whether either party exercises its right to take the depositions described above, the parties will enter mediation during the stay.

In addition to the above-described limited discovery, at least 45 days prior to mediation, Defendant will provide Plaintiffs' counsel with the pay data for those who are members of the putative settlement class. Plaintiffs' counsel will provide Defendant with damages calculations on all class claims set forth in the Complaint for the putative settlement class at least 10 days prior to the mediation.

The Parties' proposed stay will conserve the Parties' resources and serve judicial economy while they work towards a potential resolution of this matter. In the event that they are unable to reach a settlement of this *bona fide* dispute, within fourteen (14) days after the conclusion of the stay, or determination by the Parties that they are unable to settle the case at this time, whichever is earlier, the Parties will submit to the Court a proposed Case Management Plan and Scheduling Order using the worksheet at Docket Entry 11.

Dated, March 22, 2021

/s/ Molly A. Elkin
Molly A. Elkin
Hillary D. LeBeau
**McGillivary Steele Elkin LLP**
1101 Vermont Ave., N.W., Suite 1000
Washington, DC 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
hdl@mselaborlaw.com

Travis M. Hedgpeth*
Texas Bar No. 24074386
**The Hedgpeth Law Firm, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

Respectfully submitted,

/s/James J. Oh
James J. Oh (admitted *pro hac vice*)
Epstein Becker & Green
227 West Monroe Street
Suite 3250
Chicago, IL 60606
Joh@ebglaw.com

Adriana S. Kosovych
Epstein Becker & Green
875 Third Avenue
New York, NY 10022
akosovych@ebglaw.com

**ATTORNEYS FOR DEFENDANT**

Jack Siegel\*
Texas Bar No. 24070621
Stacy W. Thomsen\*
California Bar No. 274282
Massachusetts BBO No. 706746
**Siegel Law Group PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
stacy@siegellawgroup.biz
jack@siegellawgroup.biz

\**Application for admission pro hac vice pending or forthcoming*

**ATTORNEYS FOR PLAINTIFFS AND
OTHERS SIMILARLY SITUATED**

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing Joint Motion to Stay All Proceedings to Facilitate Settlement Negotiations was transmitted to the following individuals on March 22, 2021, via electronic mail:

Adriana S. Kosovych
Epstein Becker & Green P.C.
875 Third Avenue
New York, NY 10022
Email: akosovych@ebglaw.com

James J. Oh
Epstein Becker & Green P.C.
227 W. Monroe Street
Suite 3250
Chicago, IL 60606
Joh@ebglaw.com

                                                                               */s/Molly A. Elkin*
                                                                               Molly A. Elkin