**MEMO ENDORSED**

**McGillivary Steele Elkin** LLP

Molly A. Elkin
mae@mselaborlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2021

September 30, 2021

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *Simmons, et al. v. The Standard Life Insurance Company of New York*;
            Case No. 7:21-cv-00243 (NSR); Settlement Approval

Dear Judge Román:

    We represent the Plaintiffs in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") lawsuit and write in response to a call that my co-counsel, Mr. Hedgpeth received from Chambers last week regarding questions related to one aspect of the Parties' Settlement Agreement – Plaintiffs' request to be paid $187,352.00 in attorneys' fees, which equals 33.33% of the gross settlement fund, and expenses equal to $14,818.74.

    We appreciate the opportunity to provide additional documentation in support of the Parties' request that the Court approve the entire Agreement, including the portion of the Agreement regarding the payment of fees and expenses, as a fair and reasonable resolution of a bona fide dispute pursuant to the mandates of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) and *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020).

    To address the Court's concerns, and as additional support for their request for settlement approval, Plaintiffs submit with this letter their detailed billing records at Exhibit A (McGillivary Elkin Steele LLP billing records), Exh. B (Siegel Law Group billing records); and Exh. C (Hedgpeth Law Firm billing records). Based on these billing records, the total lodestar through September 22, 2021 is $108,367.00. Accordingly, a lodestar crosscheck supports the requested fee because it reflects a multiplier of 1.72, which is within (or below) the range of multipliers approved in the Southern District of New York ("SDNY").

    In addition to the detailed billing records, we submit the sworn declaration of attorney Hope A. Pordy, a partner with the New York labor and employment law firm, Spivak Lipton LLP, in support of Plaintiffs' requested fee. In her declaration, Ms. Pordy, an expert practitioner in wage and hour multi-plaintiff litigation (Pordy Decl., ¶¶ 6 – 11), states that for purposes of the lodestar crosscheck, Plaintiffs' counsel's rates are reasonable (i.e., $610 for senior partners, $400 for senior associates, and $195 for paralegals) (*Id*. ¶¶ 12-13); that these rates are consistent with rates used by her firm in the SDNY for calculating fees in FLSA settlements; *Id*. ¶12; that the multiplier in this case of 1.72 is within or below the range of lodestar multipliers approved in wage and hour cases in the SDNY, including her own cases; (*Id*. ¶¶ 7, 17); that she has reviewed Plaintiffs' counsel's billing records (the same ones submitted herewith) and finds that the work

September 30, 2021
Page 2

described was reasonable and necessary to obtaining the excellent settlement - one in which Plaintiffs will receive, on average, $12,643.90 after the payment of all attorneys' fees, expenses, service awards, and settlement administration fees; *Id.* ¶¶ 15-16, 22; and that this was a factually and legally complex hybrid federal/state wage and hour action requiring significant time and skill to prosecute successfully. *Id.* ¶ 18, 23. Finally, Ms. Pordy opines that based on her review of the case, that to achieve the excellent results, "Plaintiffs' counsel spent significant and necessary time investigating the claims, conducting informal discovery, modeling the damages that the Plaintiffs could have recovered, and negotiating and mediating with Defendant's counsel with the assistance of respected mediator, Martin Scheinman. The results achieved by McGillivary Steele Elkin LLP and the firm's co-counsel in this case demonstrate their skill in efficiently resolving complex multi-party hybrid wage and hour actions." *Id.* ¶ 24.

   For all of these reasons and based on the supporting exhibits filed with this letter, the reasons set forth in the Parties' *Cheeks* letter, in which they jointly request approval of the entire Settlement Agreement, as well as the exhibits submitted in support thereof (Dkt. 33), Plaintiffs respectfully request that the Settlement Agreement be approved.

   Plaintiffs are available to participate in a Court conference, preferably via Zoom or by telephone due to issues related to travel during the pandemic, at the Court's convenience on October 7, 8 (before 11:00 a.m.) or 14 (before 2:00 p.m. or after 3:00 p.m.) or on another date or time mutually convenient to the Court and the Parties to further discuss this matter and to answer any other questions the Court may have about the Settlement Agreement. Plaintiffs' counsel has checked these dates and times with Defense counsel and these dates work for Defense counsel, as well.

   Thank you for your consideration of this matter.

               Respectfully submitted,

               McGILLIVARY STEELE ELKIN LLP

               Molly A. Elkin

cc: All Counsel (via ECF)

The proposed Settlement Agreement is Denied without prejudice to renew. A review of the docket, the pleadings, the "Request for Settlement Approval," along with the affidavits in support of legal fees, reveals that this action has not involved protracted litigation. Moreover, Plaintiffs' attorneys have provided scant affidavits in support of their request for attorney fees. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 33.

Date: Oct. 22, 2021  SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE